# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

AMANDA CALDERON,     )
            )
 Plaintiff,      )
            )
 v.         )   No. 4:26-CV-00523-DGK
            )
JACKSON COUNTY, MISSOURI,  )
            )
 Defendant.      )

## ORDER GRANTING MOTION TO REMAND

This is an employment case. Plaintiff Amanda Calderon is a correctional officer at the Jackson County Detention Center, which is operated by Defendant Jackson County, Missouri. During her employment, Plaintiff alleges she suffered sexual, racial, and disability discrimination as well as retaliation. On December 16, 2024, Plaintiff filed a five-count lawsuit against Defendant in the Circuit Court of Jackson County, Missouri. Plaintiff alleges claims under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.00, *et seq*. On June 18, 2026, Defendant removed here based on alleged diversity and federal question jurisdiction. ECF No. 1.

Now before the Court are: (1) Plaintiff's motion to remand the case, ECF No. 4; and (2) Plaintiff's motion to expedite ruling on Plaintiff's motion to remand, ECF No. 9.

For the following reasons, Plaintiff's motion to remand is GRANTED, Plaintiff's motion to expedite is DENIED AS MOOT. As discussed below, if Plaintiff wishes to renew her request for attorneys' fees, she shall file a motion within three months of this order.

### Standard

Defendant may remove a case to federal court when the case falls within the Court's original jurisdiction. 28 U.S.C. § 1441(a). If the case is not within the Court's original jurisdiction,

the Court must remand the case to the state court. *Id.* § 1447(c). As the party seeking removal and opposing remand, Defendant bears the burden of establishing federal jurisdiction. *See Moore v. Kansas City Pub. Schs.*, 828 F.3d 687, 691 (8th Cir. 2016). Here, that means that Defendant must prove this case fits within the Court's diversity or federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332, 1441. But in addition to having jurisdiction under one of these provisions, the removal must also be timely. *See* 28 U.S.C. § 1446. "[A]ll doubts about federal jurisdiction must be resolved in favor of remand." *Moore*, 828 F.3d at 691 (internal quotation marks omitted).

## Background

On December 16, 2024, Plaintiff filed her five-count lawsuit in Jackson County, Missouri. The complaint raised all its claims under the MHRA, but the complaint contained a reference to the Federal Medical Leave Act ("FMLA") and discusses how she was granted intermittent leave for her disabilities. Plaintiff attached the charge of discrimination to the complaint.

On September 11, 2025, Plaintiff sought leave to file an amended complaint and e-filed the proposed complaint. The state court granted Plaintiff leave. That complaint contained the same or similar references to the FMLA and intermittent leave that were in the original complaint.

On April 22, 2026, Defendant deposed Plaintiff. At that time, according to Defendant, Plaintiff made clear "that the entirety of her disability claims hinge on the interpretation of [the] FMLA and whether or not Defendant is properly administering FML." ECF No. 11 at 1.

On May 20, 2026, Plaintiff was granted leave to file a second amended complaint. That complaint included a new request for punitive damages, but it also contained the same or similar references to the FMLA and intermittent leave that were in previous complaints.

On June 18, 2026, Defendant removed here based on alleged diversity and federal question jurisdiction. ECF No. 1. Defendant is a citizen of Missouri, and Plaintiff is a citizen of Kansas.

2

Defendant also alleges an amount in controversy that exceeds $75,000. On federal question jurisdiction, Defendant's notice of removal states that the "complaint filed by Plaintiff with the Missouri Commission on Human Rights makes it clear that her only disability accommodation request was under the FMLA" and that the case is about how Defendant was not "applying and administering FMLA authorized leave appropriately." ECF No. 1 at 3.

## Discussion

Plaintiff seeks remand of this case. Plaintiff argues that diversity jurisdiction does not exist because of the forum-defendant rule. Plaintiff argues that federal question jurisdiction does not exist, and removal on this basis was untimely. Defendant does not oppose Plaintiff's argument on the lack of diversity jurisdiction. Defendant argues that federal question jurisdiction exists due to the FMLA issues and removal was timely because the notice of removal was filed within thirty days of Plaintiff's second amended complaint.

Plaintiff is correct. On the diversity front, since Defendant is a citizen of Missouri, it is barred from removing this case under the forum-defendant rule. *See M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023). Thus, Defendant cannot invoke the Court's diversity jurisdiction.

It does not fare any better on the federal question issue because removal was untimely. The typical time for a defendant to "file a notice of removal in a civil action" is "within thirty days of the date on which the defendant received a copy of the complaint." *Davis Neurology PA v. DoctorDirectory.com LLC*, 896 F.3d 872, 873 (8th Cir. 2018) (citing 28 U.S.C. § 1446(b)(1)). If the original complaint does not provide a basis for removal, the defendant may file a notice of removal "'within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper *from which it may first be ascertained* that the

3

case is one which is or has become removable.'" *Id.* (quoting 28 U.S.C. § 1446(b)(3) (emphasis in original)).

The "from which it may first be ascertained" is omitted in Defendant's briefing. It believes that the simple filing of another amended complaint resets the removal clock. Not so. The Court must identify when Defendant could *first* ascertain federal jurisdiction. *See id.* By Defendant's own admission in its notice of removal, it had notice of a purported basis for removal—at the earliest—when Plaintiff filed its original complaint with the charge of discrimination attached. *See* ECF No. 1 at 3. That was in December 2024, making removal in June 2026 untimely. At the latest, Defendant admits it had notice when it deposed Plaintiff on April 22, 2026. *See* ECF No. 1 at 1–2; *see also Atwell v. Bos. Sci. Corp.*, 740 F.3d 1160, 1162 (8th Cir. 2013) ("These oral statements, made at a court hearing and later transcribed, like deposition testimony, satisfy § 1446(b)(3)'s 'other paper' requirement."). Even under that theory, removal is untimely.

And Defendant points to nothing in the second amended complaint that first revealed the basis for federal jurisdiction. Nor could it because the second amended complaint simply repeated the same or similar references to the FMLA and intermittent leave that were present in prior complaints. The only substantive addition to the amended complaint was punitive damages. But that addition, to the extent it has any relevance, simply goes to whether diversity jurisdiction exists, not federal question jurisdiction. And as noted above, diversity jurisdiction cannot exist due to the forum-defendant rule. So to the extent that the second amended complaint provided any alleged basis for federal jurisdiction, that basis was evident from the earlier-filed complaints.

The Court finds that the second amended complaint was not the first time that Defendant could ascertain the alleged federal question jurisdiction. Instead, to the extent this theory has any

merit,[1] it was apparent much earlier in the case, and that makes Defendant's removal "well outside the thirty-day time limit established by § 1446(b)(3)." *See Davis Neurology PA*, 896 F.3d at 875. Thus, Plaintiff's motion to remand is GRANTED. *See* 28 U.S.C. § 1447(c). And since the Court has ruled on her motion, Plaintiff's motion to expedite is DENIED AS MOOT.

At the end of its opening brief, Plaintiff makes a perfunctory request for attorneys' fees. This request was not supported by any caselaw, as required by the Court's Initial Standing Order ("ISO"). ECF No. 7 at 3–4. And although Plaintiff cites some caselaw, she only did so in her reply brief for the first time. Thus, this request is DENIED WITHOUT PREJUDICE. Since the denial is simply a briefing deficiency, the Court will allow Plaintiff to renew this request within three months[2] of this order by filing a new motion. That motion must strictly comply with the ISO. Failure to do so may result in the Court denying the motion without further notice.

### Conclusion

For these reasons, the motion to remand (ECF No. 4) is GRANTED, and the motion to expedite (ECF No. 9) is DENIED AS MOOT. Plaintiff may refile her request for attorneys' fees within three months of this order. The Clerk of the Court is instructed to remand this case to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Date:   July 27, 2026          /s/ Greg Kays
                              GREG KAYS, JUDGE
                              UNITED STATES DISTRICT COURT

---

[1] The Court agrees with Plaintiff that even if Defendant's removal was timely, federal question jurisdiction does not exist for the reasons stated by Plaintiff.

[2] The Court is allowing for extra time for briefing because Plaintiff has suggested that the trial date in state court is in mid-August.

5